# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 679 EAL 2015 |
| | : | |
| Respondent | : | |
| | : | Petition for Allowance of Appeal from |
| | : | the **Unpublished Memorandum and** |
| v. | : | **Order** of the Superior Court at No. 244 |
| | : | EDA 2015 exited November 20, 2015, |
| | : | **affirming** the Order of the Philadelphia |
| BENJAMIN BRABHAM, | : | County Court of Common Pleas at No. |
| | : | CP-51-CR-1206831-1993 exited |
| Petitioner | : | December 17, 2014 |

## ORDER

**PER CURIAM**

**AND NOW**, this 25th day of February, 2016, the Petition for Allowance of Appeal is GRANTED on a limited basis, solely pertaining to the issues of whether Petitioner's sentence violates the prohibition against mandatory life sentences for juvenile offenders announced by the Supreme Court of the United States in Miller v. Alabama, 567 U.S. ___, 132 S. Ct. 2455 (2012). As a result of the recent holding by that Court that Miller must be applied retroactively by the States, see Montgomery v. Louisiana, 2016 WL 280758 (U.S. Jan. 25, 2016), the Superior Court's order is VACATED, and the case is REMANDED for further proceedings consistent with Montgomery. Allocatur is DENIED in all other respects.

To the extent necessary, leave is to be granted to amend the post-conviction petition to assert the jurisdictional provision of the Post Conviction Relief Act extending to the recognition of constitutional rights by the Supreme Court of the United States which it deems to be retroactive. See 42 Pa.C.S. §9545(b)(1)(iii).

Justice Eakin and Justice Donohue did not participate in the consideration or decision of this matter.